IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONTA TYRONE GILLIE,<br><br>            Plaintiff,<br><br>   v.<br><br>STEVEN ESPOSITO, et al.,<br><br>            Defendants. | Civil Action<br>No. 14-3704 (JBS-JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief District Judge**

    This matter comes before the Court on Plaintiff Donta Tyrone Gillie's ("Plaintiff") Motion to Amend the Complaint, Motion for Leave to Amend, Docket Entry 15. This motion is being considered on the papers pursuant to Fed. R. Civ. P. 78(b).

    1.  On June 10, 2014, Plaintiff submitted a civil complaint alleging his Eighth Amendment right to adequate medical care was violated by three employees of FCI Fort Dix: physician's assistant Steven Esposito, Dr. Pradip Patel, and Clinical Director Abigail Lopez de Lasalle. Complaint, Docket Entry 1. He alleged Esposito had failed to adequately treat his injured left wrist, which was later diagnosed as being a "nondisplaced scaphoid waist [sic] fracture." *Id.* ¶ 10. Plaintiff later had surgery on his wrist and needed a bone graft and bone marrow from his hip for his wrist. *Id.* at 15. Plaintiff alleges that he has lost full range of motion in his wrist due to the delay in treatment.

2.     Plaintiff further alleged Dr. Patel and Ms. de Lasalle were liable for failing to supervise Esposito and failing to supervise and train the medical staff, respectively.

3.     The Court granted Plaintiff's motion to proceed *in forma pauperis*, and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2).

4.     The Court concluded that "Plaintiff's complaints about the adequacy of treatment and Esposito's alleged unprofessionalism are negligence and medical malpractice claims, not constitutional violations." Slip Opinion, Docket Entry 11 at 9. It further found that Plaintiff had not sufficiently alleged constitutional violations against Dr. Patel and Ms. de Lasalle for failure to train and supervise, *id.*, and that any claim under the Federal Tort Claims Act ("FTCA") could not proceed at that time as Plaintiff had not submitted a notice of claim form, *id.* at 12. The Court dismissed the complaint without prejudice for failure to state a claim, but granted Plaintiff leave to amend.

5.     Plaintiff submitted a motion to amend the complaint on April 6, 2016, as well as a proposed amended complaint. Amended Complaint, Docket Entry 15. As Plaintiff is a prisoner proceeding *in forma pauperis* and is raising conditions of confinement claims against government employees, the proposed

amended complaint is subject to screening by this Court. *See* 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(a).

6. Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.*

7. After reviewing the proposed amended complaint, the Court concludes that only the FTCA claim against the United States may proceed at this time.[1]

8. Plaintiff asserts Esposito, Patel, and Lasalle (collectively "individual defendants") violated his Eighth Amendment right to adequate medical care. The facts set forth in the proposed amended complaint are substantially identical to the facts in the original complaint, however, and are insufficient to meet the pleading standards for Eighth Amendment violations for the same reasons set forth in this Court's prior

---

[1] The United States is immune from suits for monetary damages in actions brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The FTCA "operates as a limited waiver of the United States's sovereign immunity." *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010).

Opinion and Order. The proposed amendment to assert an Eighth Amendment constitutional violation would thus be futile.

9.   Additionally, Plaintiff consistently asserts the individual defendants acted "negligently" and "[f]ailed to provide treatment to Plaintiff in a manner consistent with current medical knowledge and consistent with accepted community standards." Amended Complaint at 5. "Claims of negligence, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Owens v. Coleman*, 629 F. App'x 163, 167 (3d Cir. 2015); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). He also does not allege facts suggesting the individual defendants were personally involved in the failure to prescribe medication post-surgery or placing him on the first floor. Amended Complaint at 16 ¶ 16.

10.  The proposed amended complaint also does not address the deficiencies noted by the Court in Plaintiff's failure to train and failure to supervise claims.[2]

---

[2] Plaintiff alleges Dr. Patel and Ms. Lasalle were deliberately indifferent to his condition as they were aware of unspecified "deficiencies" in Fort Dix's medical services. Amended Complaint at 8. He cites no facts in support of his allegations, but asserts a Freedom of Information Act request he submitted "will

11. Plaintiff has sufficiently alleged tort claims under the FTCA, however, and has provided a notice of claim with his amended complaint. Amended Complaint at 18. As FTCA claims may only proceed against the United States, *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008), the complaint will be dismissed as to all the individual defendants[3] and will proceed against only the United States.

12. An appropriate Order follows.

December 22, 2016                     s/ Jerome B. Simandle
Date                                  JEROME B. SIMANDLE
                                      Chief U.S. District Judge

---

conclusively show that administrators were aware of the deficiencies and did nothing to correct them." *Id.* In the absence of any factual support, the claims against Dr. Patel and Ms. Lasalle cannot proceed at this time. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] To the extent Plaintiff asks the Court to enter a declaratory judgment of negligence against the individual defendants, the Court will dismiss those claims as well. "The purpose of a declaratory judgment is to 'declare the rights of litigants.' The remedy is thus by definition prospective in nature." *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 628 (3d Cir. 2013) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). Plaintiff "cannot obtain declaratory relief for past alleged wrongs." *Capozzi v. Bledsoe*, 560 F. App'x 157, 159 (3d Cir. 2014).