```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DONTA TYRONE GILLIE,<br><br>                Plaintiff,<br><br>     v.<br><br>STEVEN ESPOSITO, et al.,<br><br>                Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-3704 (JBS-JS)<br><br>**OPINION** |

APPEARANCES:

JOSEPH P. MCNULTY, ESQ.
GREGORY G. WAITE, ESQ.
Kennedys CMK LLP
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, New Jersey 07920
Attorneys for Plaintiff Donta Tyrone Gillie

CRAIG CARPENITO, United States Attorney District of New Jersey
     By: DAVID V. SIMUNOVICH, Assistant United States Attorney
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 08101
Attorneys for Defendant United States of America

**SIMANDLE, District Judge:**

**I.   INTRODUCTION**

     This matter comes before the Court on Defendant United States of America's motion to dismiss the complaint. [Docket Entry 35]. Plaintiff Donta Tyrone Gillie opposes the motion. [Docket Entry 38]. The motion is being considered on the papers pursuant to Federal Rule of Civil Procedure 78(b).

The principal issues to be decided are (1) whether the Court lacks jurisdiction over the amended complaint due to Plaintiff's failure to exhaust his administrative remedies prior to filing his original complaint, and (2) whether the amended complaint is time-barred under the Federal Tort Claims Act ("FTCA"). The Court finds that it has jurisdiction over the complaint under the FTCA, but that is it barred by the statute of limitations, 28 U.S.C. § 2401(b). Therefore, the Court will grant the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## II.   BACKGROUND

On June 10, 2014, Plaintiff filed a complaint in this Court against Steven Esposito, Pradip Patel, and Abigail Lopez de Lasalle in their individual capacities as employees of the Federal Bureau of Prisons ("BOP"). [Complaint, Docket Entry 1]. The Court administratively terminated the complaint on July 14, 2014 after denying Plaintiff's *in forma pauperis* application and instructing the Clerk to send a new form to Plaintiff. [Docket Entry 2]. The Court reopened the matter on April 21, 2015 after receiving a new *in forma pauperis* application, [Docket Entry 3], but the notice of electronic filing was returned as undeliverable on May 4, 2015, [Docket Entry 4]. The Court therefore administratively terminated the complaint on May 28, 2015 under Local Civil Rule 10.1. [Docket Entry 5].

Plaintiff provided his new address on June 8, 2015, and the Court reopened the proceedings. [Docket Entry 6]. Plaintiff moved for nunc pro tunc service of his complaint, [Docket Entry 7], which the Court denied when it granted his *in forma pauperis* application as it had not completed its screening under 28 U.S.C. § 1915, [Docket Entry 8].

The Court completed its screening of the complaint on February 29, 2016. [Docket Entries 11 & 12]. The complaint alleged that Plaintiff saw Esposito, a physician's assistant, for a "chronic care encounter" on February 3, 2013 while Plaintiff was detained at FCI Fort Dix in New Jersey. [Complaint ¶ 2]. Plaintiff alleged that he had been experiencing pain in his wrist and told Esposito he believed it was broken. [*Id.* ¶ 3]. Esposito examined Plaintiff's wrist and told him it was not broken. He told Plaintiff to purchase a brace and over-the-counter pain medication to treat the pain and swelling. [*Id.* ¶ 4]. He further indicated to Plaintiff that the pain and swelling should decrease over time if Plaintiff followed the instructions. [*Id.*].

Plaintiff questioned Esposito's diagnosis as Esposito had not performed an x-ray. Id. ¶¶ 4-5]. Esposito then became "agitated and began screaming at [Plaintiff] that '[Plaintiff] was no doctor,' that [Esposito] 'would determine if [Plaintiff's] wrist was broken'" and ordered Plaintiff to leave

3

before Plaintiff could see his physician, Dr. Patel. [*Id.* ¶ 5]. Plaintiff asserts the clinical encounter form does not reflect the seriousness of his pain or the fact he told Esposito he believed his wrist was broken even though there is a notation of "wrist pain." [*Id.* ¶ 6].

Plaintiff purchased pain medication and a wrist brace as per Esposito's advice. [*Id.* ¶ 7]. His wrist continued to hurt, so he returned to medical on May 2, 2013 for further care. [*Id.* ¶ 8]. Esposito examined Plaintiff's wrist and recommended an x-ray. [*Id.* ¶ 9]. The x-ray was taken the next day and showed a "nondisplaced scaphoid waist fracture" in Plaintiff's left wrist. [*Id.* ¶ 10]. Dr. Patel reviewed the x-ray report and recommended that Plaintiff consult with orthopedics. [*Id.* ¶ 11].

Dr. Winfred Williams examined Plaintiff on May 21, 2013. [*Id.* ¶ 13]. He recommended Plaintiff have surgery and warned him that "due to delay between the injury and the proper diagnosis, even with corrective surgery, [Plaintiff] would likely have permanent damage to [his] wrist, thereby preventing [him] from ever regaining the wrist's full range of motion." [*Id.* ¶ 14]. Plaintiff underwent surgery on July 22, 2013, which included taking a bone graft and bone marrow from his hip for his wrist. [*Id.* ¶ 15].

After surgery, Plaintiff was returned to his cell instead of being reassigned to a first-floor room or being placed in the

4

medical observation rooms. [*Id.* ¶ 16]. He was not given any pain medication. [*Id.*]. The next day he was issued a wheelchair but did not get a first-floor pass until four days later. In the meantime, he was required to climb to the second floor three times a day for meals. [*Id.* ¶ 17]. The prison moved him back to the second floor on September 6, 2013, even though his first-floor pass did not expire until August 6, 2014. [*Id.* ¶ 18].

The Court concluded that Plaintiff had failed to state a claim for relief under the Eighth Amendment. [February 29, 2016 Opinion at 8-10]. It noted that "[t]o the extent the complaint could be construed as raising claims under the Federal Tort Claims Act ("FTCA")," the Court could not conclude whether jurisdiction would be appropriate because Plaintiff had not provided information as to whether he had exhausted the FTCA's administrative remedies. [*Id.* at 12-13]. The complaint was dismissed without prejudice. [Docket Entry 12]. The Court granted Plaintiff leave to amend in the event he could show he had exhausted his administrative remedies. [*Id.*].

Plaintiff submitted his motion to amend on April 15, 2016. [Motion to Amend, Docket Entry 15]. The Court permitted the amended complaint to proceed on December 22, 2016 as Plaintiff submitted documentation that he had completed the FTCA's administrative remedies. [Docket Entries 17 & 18]. Plaintiff later filed a motion for the appointment of counsel, and

5

Magistrate Judge Schneider granted the motion on December 5, 2017. [Docket Entry 28].

The United States now moves to dismiss the amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Docket Entry 35]. It argues the Court lacks jurisdiction over the amended complaint because Plaintiff failed to exhaust his FTCA claim before filing his original complaint. Alternatively, it argues the FTCA claim is barred by the statute of limitations. Plaintiff argues his administrative remedies were properly exhausted before he filed his amended complaint and that the Court equitably tolled the statute of limitations when it permitted him to amend his complaint.

The matter is now fully briefed and ripe for disposition. Fed. R. Civ. P. 78(b).

### III. STANDARD OF REVIEW

A party may move to dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Because federal courts are courts of limited jurisdiction, the party seeking to invoke the court's jurisdiction bears the burden of proving the existence of subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of a

6

jurisdictional fact). *Gould Elecs. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000), *modified on other grounds by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). The defendant bears the burden of showing no claim has been stated. "In contrast, in a factual attack under Rule 12(b)(1), the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction. The plaintiff has the burden of persuasion to convince the court it has jurisdiction." *Gould Elecs.*, 220 F.3d at 178.

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-

7

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

**IV. ANALYSIS**

The United States argues the complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). It argues that the Court lacks jurisdiction over the complaint because Plaintiff failed to exhaust his claim before filing suit. Alternatively, it argues the amended complaint is barred by the statute of limitations.

## A. Exhaustion of Administrative Remedies

"The FTCA waives sovereign immunity and grants district courts jurisdiction over tort claims against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 179 (3d Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1)) (emphasis omitted), *modified on other grounds by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). This waiver of sovereign immunity is limited, however.

The act "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)). To exhaust his administrative remedies, a plaintiff suing under the FTCA must present the offending agency with notice of the claim, including a "sum certain" demand for monetary damages. *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 457 (3d Cir. 2010). Exhaustion occurs when either the agency denies the claim or six months have passed without a written denial of the claim. 28 U.S.C. § 2675(a). "This requirement is jurisdictional and cannot be waived." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015). *Compare with United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015) (holding FTCA

9

time limitations under 28 U.S.C. § 2401(b) are non-jurisdictional).

There is no question that Plaintiff did not complete the administrative procedures before filing the original complaint in June 2014. On April 17, 2014, Plaintiff submitted Administrative Claim No. TRT-NER-2014-03571 to the BOP for consideration, [Docket Entry 15 at 18].[1] On June 4, 2014, Plaintiff submitted a complaint in this Court alleging physician's assistant Esposito, Dr. Patel, and Dr. de Lasalle deprived him of adequate medical care at FCI Fort Dix. [Docket Entry 1]. He alleged this was in violation of the Eighth Amendment and asserted he was bringing his claim against the individual employees in reliance on *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). [*Id.* at 5]. He did not raise FTCA claims against the United States. The BOP denied Plaintiff's FTCA administrative claim on October 15, 2014. [Docket Entry 15 at 18]. The notice informed Plaintiff that if he could "bring an action against the United States in an appropriate United States District Court within six (6)

---

[1] The Court may consider any documents "integral to or explicitly relied upon in the complaint," without converting a motion to dismiss into a motion for summary judgment. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Plaintiff submitted his administrative claim notices with his motion to amend.

10

months of the date of this memorandum" if he was dissatisfied with the result. [*Id.*]. It was at this moment that Plaintiff fully exhausted his administrative remedies.

The Court dismissed Plaintiff's *Bivens* complaint for failure to state a claim on February 29, 2016. [Docket Entry 12]. Mindful of its obligation to liberally construe pro se pleadings, the Court considered whether the complaint raised a claim under the FTCA. [Docket Entry 11 at 12]. It noted that "[i]n the absence of this documentation, the Court cannot determine whether it has jurisdiction over any potential FTCA claims. As such, any FTCA claims cannot proceed at this time." [*Id.*]. It therefore permitted Plaintiff leave to amend to include any FTCA claims if he could provide evidence that he exhausted his administrative remedies. [*Id.*]. Plaintiff did so when he filed his motion to amend on April 15, 2016. [Docket Entry 15].

Plaintiff does not dispute these facts, but does dispute that they deprive the Court of jurisdiction as exhaustion was complete prior to the filing of the motion to amend the complaint and the Court's order granting that motion. The United States argues exhaustion subsequent to filing of a complaint does not cure the initial jurisdictional defect. [Docket Entry 35-1 at 14-15 (citing *McNeil v. United States*, 508 U.S. 106, 107-08 (1993); *Accolla v. United States Gov't*, 369 F. App'x 408,

11

406-10 (3d Cir. 2010))]. Other courts in this Circuit have held in cases such as Plaintiff's that

> reliance on those case[s] is misplaced because the *McNeil* case dealt with the situation where the original complaint filed raised a claim only under the FTCA and the *Accolla* case under both the FTCA and *Bivens*. The cases did not deal with the situation where a court dismissed the original complaint raising only a *Bivens* claim with leave to file an amended complaint raising an FTCA claim after the exhaustion of administrative remedies.

*Thomas v. Mace-Leibson*, No. 1:14-CV-02316, 2015 WL 7736737, at *3 (M.D. Pa. Dec. 1, 2015).

The Court agrees that *McNeil* and *Accolla* are distinguishable and finds that it has jurisdiction over the amended complaint. Unlike *McNeil*, Plaintiff did not raise a FTCA claim in his initial filing. The initial complaint was intended to be a *Bivens* Eighth Amendment complaint against individual, federal employees; it was not an FTCA complaint against the United States. This is further evident from the paperwork submitted with the original complaint which indicated that Plaintiff completed the internal BOP administrative remedies. [Docket Entry 1-1 at 1]. *See also* 28 C.F.R. § 542.10 et seq. The BOP's Administrative Remedy Program is separate and distinct from the statutory administrative procedures under the FTCA. Each procedure has separate forms and filing deadlines. *See* 28 C.F.R. § 542.10(c) (noting that "[t]here are statutorily-mandated procedures in place for tort claims (28 CFR part 543,

subpart C)"). The Court concluded Plaintiff had failed to state a *Bivens* claim and *sua sponte* mentioned the FTCA out of its obligation to liberally construe pro se pleadings, not because it determined that Plaintiff was in fact raising FTCA claims in his complaint.

Plaintiff's FTCA administrative remedies were complete by the time he filed his motion to amend on April 15, 2016 to add an FTCA cause of action. The Court therefore has jurisdiction over the FTCA complaint. 28 U.S.C. § 2675(a).

## B. Equitable Tolling

The United States further argues that the amended complaint should be dismissed because it was filed more than six months after the BOP denied Plaintiff's FTCA claim. The Supreme Court has held that the filing dates under the FTCA are not jurisdictional, unlike the exhaustion requirement, and are subject to equitable tolling. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1633 (2015). Section 2401(b) "does not define a federal court's jurisdiction over tort claims generally, address its authority to hear untimely suits, or in any way cabin its usual equitable powers." *Id. See also Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009). That being said, for the following reasons the Court will not equitably toll the time and will grant the United States' motion to dismiss the complaint under Rule 12(b)(6).

13

"The remedy of equitable tolling is extraordinary, and we extend it 'only sparingly.' It is especially appropriate to be restrictive with respect to extension of equitable tolling in cases involving the waiver of the sovereign immunity of the United States." *Santos*, 559 F.3d at 197–98 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005)). Plaintiff's FTCA administrative remedies were exhausted as of October 15, 2014 when the BOP denied Plaintiff's FTCA administrative claim. [Docket Entry 15 at 18]. Under 28 U.S.C. § 2401(b), Plaintiff had six months to file a FTCA complaint in federal court, or until April 15, 2015. Plaintiff did not submit his motion to amend to state an FTCA claim until April 15, 2016, one year out of time.

Plaintiff argues the Court, in effect, tolled the statute of limitations when it permitted him to file an amended complaint containing an FTCA claim and when it filed the amended complaint containing the FTCA claim. He also asserts the fact that he was transferred within the federal prison system many times during the relevant period warrants the application of equitable tolling. Contrary to Plaintiff's arguments, the Court did not toll the statute of limitations, explicitly or effectively, when it permitted the amended complaint containing the FTCA claim to proceed on December 22, 2016. The statute of

14

limitations is an affirmative defense to be raised by a defendant, here the United States, and a court may only dismiss a seemingly time-barred complaint *sua sponte* on statute of limitations grounds in limited circumstances. *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam). Although the dates of exhaustion and filing of the FTCA claim were apparent at the time of Plaintiff's motion to amend, the Court could not rule out the possibility of equitable tolling based on the face of the amended complaint and submitted documents.

With the benefit of briefing from the parties now before the Court, the Court finds that equitable tolling would be inappropriate in these circumstances. Plaintiff has not set forth any circumstances justifying a delay of a year in filing his FTCA claim. Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos*, 559 F.3d at 197). Routine transfers within the prison system are not extraordinary circumstances.

The motion to dismiss is granted.

**V. CONCLUSION**

    For the reasons stated above, the motion to dismiss is granted. An accompanying Order will be entered.


**December 11, 2018**         **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                            U.S. District Judge