**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                            :
DONTA TYRONE GILLIE,        :   THE HONORABLE RENÉE MARIE BUMB
                            :
                            :   Civ. No. 14-3704 (RMB-JS)
         Plaintiff,         :
                            :
     v.                     :           **OPINION**
                            :
                            :
STEVEN ESPOSITO, *et al.*,  :
                            :
         Defendants.        :
_____ :

**BUMB,** United States District Judge

On June 10, 2014, Plaintiff Donta Tyrone Gillie, a prisoner formerly confined at FCI-Fort Dix, New Jersey, filed a civil complaint against Steven Esposito, Pradip Patel, and Abigail Lopez de Lasalle in their individual capacities as employees of the Federal Bureau of Prisons ("BOP"). (ECF No. 1). The Court initially dismissed the complaint for failure to state a claim under the Eighth Amendment, but Plaintiff later filed an amended complaint raising claims under the Federal Tort Claims Act ("FTCA"). (ECF No. 15). The Court permitted the amended complaint to proceed, and counsel was appointed.

On December 11, 2018, the Honorable Jerome B. Simandle, D.N.J., granted the United States' motion to dismiss for lack of

jurisdiction under the FTCA.[1] (ECF No. 44). Plaintiff now moves for reconsideration of that order. (ECF No. 45). The United States opposes the motion. (ECF No. 49). For the reasons stated below, the Court denies the motion for reconsideration.

I. BACKGROUND

On June 10, 2014, Plaintiff filed a complaint in this Court against Steven Esposito, Pradip Patel, and Abigail Lopez de Lasalle in their individual capacities as BOP employees. (ECF No. 1). The Court administratively terminated the complaint on July 14, 2014 after denying Plaintiff's in forma pauperis application and instructing the Clerk to send a new form to Plaintiff. (ECF No. 2). The Court reopened the matter on April 21, 2015 after receiving a new in forma pauperis application, (ECF No. 3), but the notice of electronic filing was returned as undeliverable on May 4, 2015, (ECF No. 4). The Court therefore administratively terminated the complaint on May 28, 2015 under Local Civil Rule 10.1. (ECF No. 5). The Court reopened the proceedings when Plaintiff provided his new address. (ECF No. 6).

The complaint alleged that Plaintiff received inadequate medical care for an injured wrist while he was detained at Fort Dix. (ECF No. 1 ¶ 2). The Court concluded in its screening opinion under 28 U.S.C. § 1915 that Plaintiff had failed to state a claim

---

[1] The matter was reassigned to the undersigned on August 7, 2019. (ECF No. 50).

for relief under the Eighth Amendment. (ECF No. 11). It noted that "[t]o the extent the complaint could be construed as raising claims under the Federal Tort Claims Act ('FTCA')," the Court could not conclude whether jurisdiction would be appropriate because Plaintiff had not provided information as to whether he had exhausted the FTCA's administrative remedies. (Id. at 12-13). The complaint was dismissed without prejudice. (ECF No. 12). The Court granted Plaintiff leave to amend in the event he could show he had exhausted his administrative remedies. (Id.).

Plaintiff submitted his motion to amend on April 15, 2016. (ECF No. 15). The Court permitted the amended complaint to proceed on December 22, 2016 as Plaintiff submitted documentation that he had completed the FTCA's administrative remedies. (ECF Nos. 17 & 18). Magistrate Judge Schneider granted Plaintiff's motion for the appointment of counsel on December 5, 2017. (ECF No. 28).

The United States filed a motion to dismiss the amended complaint arguing the Court lacked jurisdiction because Plaintiff failed to exhaust his FTCA claim before filing his original complaint. (ECF No. 35) Alternatively, it argued the FTCA claim was barred by the statute of limitations. (Id.). The Court concluded that Plaintiff had exhausted his administrative remedies but was barred by the statute of limitations. (ECF No. 43). It rejected Plaintiff's argument that it had tolled the statute of limitations when it permitted the amended complaint containing the

3

FTCA claim to proceed. (Id. at 14-15).

Plaintiff now moves for reconsideration of that order under Federal Rule of Civil Procedure 59(e). The United States opposes the motion. The Court considers the motion on the papers without oral argument. Fed. R. Civ. P. 78(b).

II. DISCUSSION

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Petitioner's motion was timely.

When a party seeks reconsideration of a judgment, the judgment

> may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Disagreement is not an appropriate basis for reconsideration. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Here, Plaintiff asserts his claim under the third prong, the need to correct a clear error of law or fact to prevent manifest injustice. (ECF No. 45-1 at 10). He argues the Court overlooked

4

the judicial delay between when he filed his in forma pauperis application on August 11, 2014 and when the Court reopened his case on April 21, 2015. (ECF No. 45-1 at 10). "From August 2014 to April 2015, Plaintiff, as a pro se litigant, believed he had viable legal claims against the FBOP and others for his damages once the Court reinstated his action, and there was no need or reason to take any further action until this Court in fact notified him that his case had been reinstated." (Id.). "But for the Court's lengthy delay in reinstating his complaint, Plaintiff may very well have been able to timely amend his complaint with a claim under the FTCA." (Id.).

The Court denies Plaintiff's motion for reconsideration. The procedural history and relevant dates were obviously known to the Court prior to its decision, and any delay in reopening the case for consideration of Plaintiff's constitutional claims had no effect on Plaintiff's ability to submit an amended complaint once his FTCA exhaustion was complete. See Fed. R. Civ. P. 15(a)(1) (permitting a party to amend their pleading once as a matter of course). The BOP's October 15, 2014 denial of Plaintiff's administrative claim specifically stated that if he was "dissatisfied with this decision, [he could] bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum." (ECF No. 19 at 16). Plaintiff was on notice that if he wanted to pursue

a FTCA claim he had to do so within six months. The Court is not responsible for Plaintiff's inaction.

III. CONCLUSION

For the reasons discussed above, Plaintiff has not established the need to correct a clear error of law or fact or to prevent manifest injustice. Therefore, the Court denies Plaintiff's motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).

An appropriate order follows.

Dated August 26, 2019

                         s/Renée Marie Bumb
                         **RENÉE MARIE BUMB**
                         **United States District Judge**